NORTH *vs.* SERGEANT and others.

Where money loaned belongs to the person lending it, the taking of more than seven per cent interest by him, the excess being in the shape of commissions for obtaining the loan, and for subsequently renewing it, will affect the security with usury, and make it void in the hands of any successive holders.

But if such person is acting as a *broker*, in behalf of another, and the commission is charged by himself, without the knowledge or participation of the lender, the transaction will not be held usurious.

Where a new trial is granted for the error of the jury, in finding a verdict against the evidence, the party applying must pay costs.

THIS action was brought by the plaintiff as indorsee, against the defendants as makers and indorser, of a promissory note made by the defendants Sergeant and Akin, under the firm name of R. Sergeant & Co., on the 27th of March, 1857, by which they promised to pay to the order of F. E. Houghton, six months after date, $1584.16. The note was indorsed by Houghton, to the plaintiff. The defendant Sergeant, in his answer, alleged that the note was made by

North v. Sergeant.

Akin, who was then the partner in business of Sergeant, without his privity or knowledge, and delivered to the defendant Houghton, for his accommodation, and without any consideration whatsoever; that the making of notes to be loaned for the accommodation of other parties, was, and is not within the proviso of the partnership business of Sergeant and Akin, of which Houghton had notice. That the plaintiff paid for the note the sum of $65 and no more; and the defendant alleged that the plaintiff was not entitled to judgment against him for a sum exceeding the said sum of $65, and interest thereon.

And for a second defense to the claim in the complaint set forth, the defendant averred that on or about the 27th day of June, in the year 1857, the defendant Houghton applied to one Isaiah D: Hardenbergh for the loan of $2000 for thirty days, and obtained the same upon the corrupt and usurious agreement to pay therefor the sum of $75 for the loan and forbearance of said sum during said period, besides the lawful interest thereon, and did thereupon pay to Hardenbergh the said sum of $75 for the said loan and forbearance. That at the expiration of said thirty days, to wit, on or about the 27th day of July, 1857, Houghton bargained and agreed with Hardenbergh to continue said loan for the space of thirty days longer, and did thereupon agree to pay, and did pay to the said Hardenbergh for the continuance of said loan for the said space of thirty days, the sum of $80, over and above the lawful interest on said sum of $2000 during the period aforesaid, and for the purpose of securing the payment thereof, procured the defendant Akin to make the note in the complaint set forth, for his accommodation, and took and received the same of the said Akin, without any consideration whatever, and delivered the same to the said Hardenbergh as collateral security for the payment of said sum so loaned. That a greater sum than at and after the rate of seven dollars upon one hundred dollars for one year was secured to be paid by the said note, and that the said note is

void, and that Hardenbergh acquired no title thereto, and that the defendant was entitled to have the said note surrendered and canceled.

The separate answers of Akin and Houghton were to the same effect.

The action was tried at the New York circuit, in November, 1858, before Justice BALCOM and a jury. The jury found a verdict for the defendants. The plaintiffs subsequently moved, at a special term, for a new trial, which motion was denied, and the plaintiff appealed from the judgment.

*A. & M. S. Thompson,* for the plaintiff.

*J. T. Williams,* for the defendants.

*By the Court,* INGRAHAM, J. The defense set up by the defendants in this case, to the note on which the action was brought, was usury. That usury was alleged to be the payment of more than seven per cent to one Hardenbergh for originally obtaining the loan, and at subsequent times for the renewal of it.

Whether such payment were usurious or not depended on the character in which Hardenbergh was acting. If the original loan was for himself, then the taking of more than seven per cent interest would affect the security with usury and make it void in the hands of any subsequent successive holders. But if he was acting as a broker, and the commission was charged by himself without the knowledge or participation of the lender, then it would not be a usurious transaction. This has been held by the court of appeals in *Condit* v. *Baldwin,* at a recent term.

The testimony of Hardenbergh is positive on this point; and if it is credited, then it is very clear that he was only an agent, and what he received in no way passed to the lender Hayward, nor was it to be considered as constituting usurious interest. On the contrary it was merely a commission to the

North *v.* Sergeant.

broker for his services, paid without the knowledge of the lender and paid with the knowledge that Hayward was to loan the money, and not Hardenbergh.

It was urged, on the argument, that Hardenbergh was impeached by the testimony, and that the jury disregarded his evidence. Although I doubt very much whether anything appearing on the case warranted the jury in disregarding his testimony, still the case can be examined without his statements, with the same result.

Houghton, who proved the supposed usury, testified that he dealt with Hardenbergh as a broker, and knew that he was loaning money for others, and that at the time of this loan he applied to him to raise the money for Houghton, as a broker. Sayre testified that he loaned this money to Hardenbergh, took the note, and gave it to Hayward, from whom he got the money. He also stated that Hayward received none of the money paid to him. This evidence did not warrant the jury in finding the note usurious. All the evidence shows that the money was originally obtained from Hayward, and whether Hardenbergh's evidence is credited or not, the clear weight of the testimony is against the defense.

It is not necessary here to say what sum the plaintiff was entitled to recover. The note was not void for the usury alleged by the defendants. If not void, the plaintiff was entitled to recover something on the note, and the verdict was therefore wrong.

This is one of those cases where the verdict is against the evidence. In such cases, when a new trial is granted for the error of the jury, the rule requires the payment of costs by the party applying for the new trial.

There were no errors of law on the trial, and no exception to the judge's charge.

The exception to the refusal to charge as requested by the plaintiff, was not well taken, because the pleadings did not admit that the plaintiff was entitled to recover $65, but

---

merely that the plaintiff could not recover more than that sum, if he could recover anything.

Judgment reversed and new trial ordered, on payment of costs.

[New York General Term, February 4, 1861. *Clerke, Sutherland* and *Ingraham*, Justices.]